## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| *SHARON F. ROBBINS,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Civil No. 05-103-P-H* |
| | ) | |
| *MICHAEL J. ASTRUE,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

## REPORT AND RECOMMENDED DECISION[1]

In this appeal from a decision on the plaintiff's application for Supplemental Security Income ("SSI") benefits, the issue concerns a closed period of benefits, running from June 22, 2001, to October 31, 2002. I recommend that the court affirm the commissioner's decision.

The plaintiff challenges the commissioner's interpretation of the "fleeing felon" rule established by 42 U.S.C. § 1382(e)(4). That statute provides, in relevant part:

> No person shall be considered an eligible individual . . . with respect to any month if during such month the person is —
> **(i)** fleeing to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which the person flees, for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the person flees . . . ; or
> **(ii)** violating a condition of probation or parole imposed under Federal or State law.

42 U.S.C. § 1382(e)(4)(A). The implementing regulation provides, in relevant part:

---

[1] This action is properly brought under 42 U.S.C. § 1383(c). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on January 16, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

(a) *Basis for suspension*.  An individual is ineligible for SSI benefits for any month during which he or she is —

(1) Fleeing to avoid prosecution for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the individual flees . . .; or

\* \* \*

(3)  Violating a condition of probation or parole imposed under Federal or State law.

(b) *Suspension effective date*.  (1) Suspension of benefit payments because an individual is a fugitive as described in paragraph (a)(1) . . . of this section . . . is effective with the first day of whichever of the following months is earlier —

(i) The month in which a warrant or order for the individual's arrest or apprehension . . . is issued by a court or other duly authorized tribunal on the basis of an appropriate finding that the individual —

(A) Is fleeing, or has fled, to avoid prosecution as described in paragraph (a)(1) of this section . . .; or

\* \* \*

(C)  Is violating, or has violated, a condition of his or her probation or parole as described in paragraph (a)(3) of this section; or

(ii) The first month during which the individual fled to avoid such prosecution . . . if indicated in such warrant or order . . .

\* \* \*

(c) *Resumption of payments*.  If benefits are otherwise payable, they will be resumed effective with the first month throughout which the individual is determined to be no longer fleeing to avoid such prosecution …, or violating a condition of his or her probation or parole.

20 C.F.R. § 416.1339.

In this case, plaintiff filed an application for SSI benefits on June 22, 2001 and was awarded benefits as of that date on October 3, 2002.  Record at 62, 67.  However, the commissioner refused to pay those benefits to the plaintiff due to an outstanding warrant for her arrest in Middlesex, New Jersey, invoking the "fleeing felon" statutory and regulatory provisions quoted above.  *Id*. at 87-88.   After an outstanding fine in the New Jersey case was paid by the plaintiff's attorney, Finding 16, *id*. at 16, leading to the recall of the arrest warrant on November 1, 2002, Finding 17, *id*., the commissioner began to pay the defendant her SSI benefits as of

October 31, 2002, Finding 14, *id.*  The commissioner denied the plaintiff's claim for benefits for the period from June 22, 2001 through October 31, 2002, *id.*, and the plaintiff appeared at two hearings on this claim.  Findings 19-21, *id.*

The  administrative law judge, after the second hearing, found, in relevant part, that the plaintiff pleaded guilty to a charge of possession of cocaine with intent to distribute in the New Jersey Superior Court for Middlesex County on November 27, 1989, Finding 1, *id.* at 15; that she was sentenced to a four-year term of probation and a $1,000.00 fine, Finding 5, *id.*; that she failed to abide by the terms of her probation and pleaded guilty to a probation violation, Findings 7-8, *id.* at 15-16; that her sentence was then altered to include a $400.00 fine, Finding 9, *id.* at 16; that she again failed to abide by the terms of her probation and an arrest warrant issued on June 22, 1994, Finding 10, *id.*; that she affirmed that she was subject to parole or probation by a written statement dated October 17, 2002 and filed with the commissioner, Finding 13, *id.*; that only after she learned that she would not receive benefits for the period of the outstanding warrant did the plaintiff seek to resolve the outstanding New Jersey probation violation, Finding 15, *id.*; that she stated for the first time on a form dated November 12, 2003, that she was unaware of the outstanding violation of probation, Finding 18, *id.*; that she testified that she was unaware that she had failed to abide by the terms of her probation or that a warrant for her arrest would issue for her failure to abide by the terms of her probation, but the administrative law judge found this testimony not to be credible, Finding 24, *id.* at 17; that her interaction with her criminal attorney, the presiding judge, and the probation officers in her criminal case raised the rebuttable presumption that she was aware of the consequences of her failure to abide by the terms of her probation, including that a warrant for her arrest would issue and she would be subject to imprisonment, Finding 31, *id.*;  that her testimony was inconsistent with her written

statement, Findings 32-33, *id*.; and that, therefore, she fled New Jersey to avoid custody or confinement after violating a condition of her probation, making her ineligible for benefits during the closed period at issue, Findings 35-36, *id*. at 18.  The Appeals Council declined to review the decision, *id*. at 7-8, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

## Discussion

In the District of Maine, intent is an element of the statutory "fleeing felon" standard. *Thomas v. Barnhart*, 2004 WL 1529280 (D. Me. June 24, 2004), at *4 (*aff'd* 2004 WL 1770151 (D. Me. Aug. 4, 2004)).  The claimant has the burden to prove that she had no intent to flee.  *Id*. This is the case in several other jurisdictions as well.  *See, e.g., Reff v. Astrue*, 2008 WL 4277713 (D. Minn. Sept. 15, 2008), at *7 (citing cases).[2]

In the case at hand, the plaintiff contends that "the Commissioner's consideration of her intent is deficient," Itemized Statement of Errors ("Itemized Statement") (attached to Docket No. 16) at 1, because the administrative law judge's opinion does not include the specific intent to flee with his finding that the plaintiff "fled New Jersey to avoid custody or confinement after conviction . . .  and violation of a condition of her probation." *Id*. at 2.  No such further degree of specificity is required.  If the administrative law judge found, as he did, that the plaintiff "fled" New Jersey for a specific purpose, namely to avoid custody or confinement, that is a sufficient statement that the plaintiff intended to flee New Jersey for that purpose.

---

[2] The Appeals Council's refusal to assume jurisdiction of the plaintiff's appeal from the administrative law judge's decision, Record at 7-8, includes the following statement: "Because an individual is not eligible for supplemental security income for any month during which she is violating a condition of probation or parole imposed under Federal or State law (20 CFR 416.1339(a)(3)), the Appeals Council concurs in the Administrative Law Judge's conclusion that the claimant is not eligible for supplemental security income for June 22, 2001 through October 31, 2002."  The plaintiff observes that "[t]here is not even lip service to the intent requirement."  Itemized Statement at 2.  Since the administrative law judge did address the question of intent and his opinion is the commissioner's final determination under the circumstances of this case, the Appeals Council's quoted statement is irrelevant.

The plaintiff asserts that the administrative law judge's finding that she only asserted that she was unaware of the outstanding violation of probation after learning that it was the cause for denial of a portion of the benefits she was seeking "is demonstrably incorrect." *Id*. at 3. This is so, she contends, because on June 22, 2001 she stated under oath to the commissioner's field office that she was "not fleeing to avoid Trial . . . Jail . . . or Custody . . . . I am not on parole or probation under Federal or State law." *Id*. She equates this statement to incontrovertible evidence that she was not aware of her outstanding probation violation and thus could not have intended to flee the consequences of that violation. *Id*. at 4. While that is one way to interpret the evidence, it is not the only way. The administrative law judge's interpretation, that the plaintiff was less than truthful about the status of her criminal record in New Jersey until she discovered that the true state of her record could keep her from receiving benefits, is just as plausible an interpretation.

On the other hand, I agree with the plaintiff that, contrary to the administrative law judge's assertion, the "timing" of her corrected application on October 15, 2002, Record at 71, does not "undermine[] her subsequent statements that she believed she had successfully completed probation." *Id*. at 17. The plaintiff knew that she was still subject to probation in New Jersey, according to her consistent testimony, only as of mid-October 2002, when she was so informed at a Social Security field office. Nor is her corrected application inconsistent with her testimony that she believed, wrongly, that she had successfully completed her probation because a probation officer, Mr. O'Rourke, had told her so in 1993 or 1994. *Id*. at 48-52. Her belief is consistent with a memorandum from Scott Lewis of the Maine Department of

Corrections dated October 27, 2003, stating that she had "complete[d]" her probation on May 28, 1994.[3] *Id.* at 101.

That being said, it was certainly permissible for the administrative law judge to assess the plaintiff's credibility, based on her familiarity with the New Jersey probation system, having pled guilty to a violation of the terms of her probation in 1991.  Record at 16.  She does not challenge the administrative law judge's finding, *id.* at 15, that she knew that she could be incarcerated if she did not successfully complete the terms of her probation.  The administrative law judge's inference that the plaintiff failed to notify her New Jersey probation officer of her change of address, *id.* at 18, is not challenged by the plaintiff and provides additional evidence from which he could reasonably conclude that the plaintiff was in fact aware that she had not fully paid her fine in New Jersey and thus was in violation of her probation there at the time she applied for benefits.

While the question is a close one, "[c]ourts generally defer to an administrative law judge's analysis of a claimant's credibility," *Thomas*, 2004 WL 1529280 at *4, and that deference carries the day here.  I conclude that the administrative law judge's decision rejecting the plaintiff's testimony on the issue of intent was supported by substantial evidence.  42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).

At oral argument, counsel for the commissioner contended that the *Thomas* case is not applicable to the instant case, because the relevant subsection of the underlying statute and regulations does not include intent as an element.  That is, the commissioner contends, it is 42 U.S.C.§ 1382(e)(4)(A)(ii), not § 1382(e)(4)(A)(i), that applies when, as here, the claimant is

---

[3] The plaintiff does not challenge the administrative law judge's conclusion that this date "was incorrect."  Record at 17.

6

violating a condition of probation or parole at the relevant time, rather than "fleeing to avoid prosecution, or custody or confinement after conviction."  This argument provides a persuasive alternate basis to deny the plaintiff's appeal.

Unlike the portion of section 1382(e)(4)(A) that was at issue in *Thomas*, *see* 2004 WL 1529280 at *3-*4, the portion at issue in this case contains no language that may reasonably be read to include an element of intent.  Judge Stein of the Southern District of New York recently upheld, in a persuasive opinion, the applicable subsection against a class-action challenge based on a contention that only a formal judicial determination that an applicant was violating a condition of probation or parole at the relevant time could result in a withholding of benefits. *Clark v. Astrue*, 2008 WL 4387709 (S.D.N.Y. Sept. 22, 2008), at *7-*9.  I can only conclude that the difference in statutory language was intentional, and thus that the claimant's intent is irrelevant when an application for benefits is denied because the claimant actually was violating a condition of probation or parole at the relevant time.

For all of the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.   A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review
by the district court and to appeal the district court's order.***

Dated this 27th day of January, 2009.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge